**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

AYESHA WHYTE,

     Plaintiff,

    -against-

WEWORK COMPANIES, INC.,

     Defendant.

No. 20-cv-1800 (CM)

---

**DECISION AND ORDER DENYING PLAINTIFF'S**
**PETITION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

McMahon, C.J.:

On June 11, 2020, this Court issued an order granting the motion of Defendant WeWork Companies, Inc. to compel arbitration of this action, and staying the action pending resolution of that arbitration. (Dkt. No. 22; the "June 11 Order.") The June 11 Order decided two issues: first, it established that the Federal Arbitration Act ("FAA"), and not New York law, governs the question of arbitrability in this case, pursuant to the Arbitration Agreement between WeWork and the Plaintiff, Ayesha Whyte; second, the Order rejected Whyte's argument that the Arbitration Agreement at issue is unenforceable as to her employment discrimination claims because New York Civil Practice Law and Rules ("CPLR") § 7515 prohibits "mandatory arbitration to resolve any allegation or claims of discrimination." With regard to the second question, I applied Supreme Court precedents interpreting the FAA, which bar state legislatures from "decid[ing] the arbitrability of individual issues by creating defenses 'that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.'"

(June 11 Order at 9 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S.Ct. 1740, 179 L.ED.2d 742 (2011)).

Whyte now moves this Court to certify the portion of the June 11 Order dealing with CPLR § 7515 for interlocutory review pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 23.) The motion is denied for the reasons that follow. Familiarity with the underlying facts and the prior proceedings in this matter are presumed.

## LEGAL STANDARD

Section 16 of the FAA, which governs appeals from orders granting or denying motions to compel arbitration, provides that "an appeal may not be taken from an interlocutory order ... granting a stay of any action under section 3 of this title [or] ... directing arbitration to proceed under section 4 of this title," "[e]xcept as otherwise provided in section 1292(b) of title 28." *Id.* § 16(b)(1)-(2); *see, e.g.*, *In re Belton*, No. 15 CV 1934 (VB), 2016 WL 164620, at *1 (S.D.N.Y. Jan. 12, 2016).

"Under 28 U.S.C. § 1292(b), a district court can certify a question for interlocutory appeal if [1] the issue involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] if an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 176 (2d Cir. 2009) (brackets and internal quotation marks omitted). Interlocutory appeals are "a rare exception to the final judgment rule that generally prohibits piecemeal appeals," and are "reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996). Indeed, "only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (internal

quotation marks omitted). The "would-be appellant" bears the burden of showing an interlocutory appeal is warranted. *Casey v. Long Island R.R.*, 406 F.3d 142, 146 (2d Cir. 2005).

## DISCUSSION

Plaintiff's request for certification must be denied first and foremost because she cannot show that certification will "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b) -  a condition which is satisfied only if the interlocutory appeal "promises to advance the time for trial or to shorten the time required for trial." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 302 (S.D.N.Y. 2017).  Interlocutory review here would have neither effect, since Plaintiff will have to try her case in full regardless of the outcome on appeal, whether here or before JAMS.  Plaintiff's warning that sending her to arbitration may result in her appealing from that tribunal's decision (*see* Dkt. No. 23 at 10) – thus prolonging the litigation – does not mean that interlocutory review of the June 11 Order, followed by a trial somewhere (because I cannot agree that my earlier order would be overturned),  would be a more efficient way of proceeding. Besides, as other courts have noted, "Proceeding to arbitration, rather than certifying an interlocutory appeal, is the fastest way for these cases to be decided on the merits. *Belton*, 2016 WL 164620, at *2 (*citing Murray v. UBS Secs.*, LLC, 2014 WL 1316472, at *7 (S.D.N.Y. Apr. 1, 2014) ("[I]t is safe to assume that the appeal process will take longer than the arbitration, thereby extending the time in which a final decision on the merits is rendered.")).

Second, Plaintiff's petition also fails to present a "controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b).

A controlling question of law exists in circumstances where "reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even

though not resulting in dismissal, could significantly affect the conduct of the action; or, the certified issue has precedential value for a large number of cases." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.3d 21, 24-25 (2d Cir. 1990)).

Here, Plaintiff argues that the question "whether the FAA preempts CPLR § 7515's prohibition of mandatory arbitration of discrimination claims in an agreement that includes a New York choice of law clause" is a "controlling question of law." (Dkt. No. 23 at 4.) But reversal of the June 11 order as to that question would not result in dismissal – if she won, Whyte would continue to prosecute her case before this Court. Nor would reversal significantly alter the conduct of the action.  As the court held in *Murray v. UBS Securities, LLC*, No. 12-cv-5914, 2014 WL 1316472 (S.D.N.Y. Apr. 1, 2014), the difference between proceeding in federal court or before an arbitral panel does not "significantly affect the conduct of the action" so as to warrant certification, because both fora are tasked with resolving the same dispute on the basis of the same evidence. *Id.* at *4.

Nevertheless, it is true that Whyte has presented a purely legal question for interlocutory review that could have precedential value: whether CPLR § 7515 is a "state law prohibit[ing] outright arbitration of a particular type of claim" that is displaced by the FAA, *Concepcion*, 563 U.S. at 341 (citing *Preston v. Ferrer*, 552 U.S. 346, 353, 127 S.Ct. 978, 169 L.Ed.2d 917 (2008)).  The Court will assume, *arguendo*, that clear guidance from the Circuit would aid district courts in a large number of cases.

The trouble is that Plaintiff has not shown a substantial ground for difference of opinion on this question.  "A substantial ground for difference of opinion exists where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression

4

for the Second Circuit." *Youngers*, 228 F. Supp. 3d at 299 (internal quotation marks

omitted).  However, "the mere presence of a disputed issue that is a question of first impression,

standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In

re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

There is no conflicting authority on Plaintiff's "controlling question" -- not least because,

as discussed in the June 11 Order, CPLR § 7515 is a very new law.  Due to that lack of

precedent, whether the FAA preempts this particular statute would be an issue of first impression

for the Second Circuit.  However, that does not mean that interlocutory review is needed,

because the potential for preemption is not a "particularly difficult" issue that "justif[ies] a

departure from the basic policy of postponing appellate review until after the entry of a final

judgment." *Flor*, 79 F.3d at 284.  Indeed, it is quite well settled that federal law does not permit

states to exempt certain types of claims from mandatory arbitration when the arbitration

agreement, like the one at issue in this case, says that the FAA "shall govern . . . all proceedings

pursuant to this Agreement." (*See* June 11 Order, at 2, 9 (citing *Concepcion*, 563 U.S. at

339).)  And while CPLR § 7515 purports to nullify mandatory arbitration of discrimination

claims, the statute expressly provides that it does not apply "where inconsistent with federal

law." CPLR § 7515(b)(iii).  While the precise law at issue is novel, the issue its passage presents

has been raised before and decided by no less an authority than the United States Supreme Court.

Finally, in further support of her petition, Plaintiff liberally cites the recent decision in

*Tantaros v. Fox News Network, LLC*, No. 19-cv-7131, 2020 WL 3050576 (S.D.N.Y. June 8,

2020). But while that case also involves a conflict between CPLR §7515 and the FAA, it arose in

a different procedural posture. Plaintiff sued in the New York State Supreme Court, seeking a

declaration that CPLR § 7515 rendered her claims not arbitrable.  The defendant removed the

action to federal court. Plaintiff sought remand on the ground that the case presented no federal question; my colleague, Judge Carter, denied that motion, but certified the following question for interlocutory review: "whether a claim arising under § 7515 necessarily raises a federal question within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332." *Id.* at *2.   At this writing, the Second Circuit has yet to decide whether it will hear the interlocutory appeal.

The Second Circuit has repeatedly singled out subject matter jurisdiction as a prototypical "controlling question of law" that is appropriately taken up for interlocutory review. *Murray*, 2014 WL 1316472, at *3 (citing *Klinghofer*, 921 F.2d at 24.)  But no issue of subject matter jurisdiction was raised in Whyte's lawsuit; she made a simple and straightforward request to stay an arbitration that had already been noticed by defendants. This court decided that motion under settled principles of law. *Tantaros* teaches nothing that would undermine that result.

Accordingly, because the preemption issue decided in the June 11 Order does not meet the requirements of Section 1292(b), Plaintiff's request to certify the June 11 Order for interlocutory review is DENIED.

## CONCLUSION

Plaintiff's petition for interlocutory review is DENIED.

The Clerk of court is directed to close the motion at Docket Number 23.  This shall constitute the written opinion of the Court.

SO ORDERED.

Dated: July 31, 2020

_____
Chief Judge

BY ECF TO ALL PARTIES

6